IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHIRLEY ANN OVERSTREET,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   CIVIL ACTION NO.: CV213-168
                                  )
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social Security,  )
                                  )
            Defendant.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport ("the ALJ" or "ALJ Davenport") denying her claim for Social Security disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and remand the case with instructions to award disability insurance benefits or, alternatively, to reassess certain issues and render a new decision. Defendant asserts that the Court should affirm the decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff protectively filed an application for disability insurance benefits on February 22, 2010, alleging that she became disabled on December 21, 2009, due to total right knee replacement, diabetes, anemia, high blood pressure, acid reflux, osteoarthritis, and diverticulosis. (Doc. 20, p. 2). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Id.) On May 18, 2012, ALJ Davenport conducted a hearing at which Plaintiff, who was represented by

counsel, appeared and testified. (Tr. at 34–35, 38–50). Kim Bennett, a vocational expert ("the VE"), also testified at the hearing. (Tr. at 50–57). ALJ Davenport found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 26). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1).

Plaintiff, born on August 11, 1950 (Tr. at 145), was sixty-one years old when ALJ Davenport issued his final decision. She is a high school graduate with three years of college education. (Tr. at 39). Plaintiff's past relevant work experience includes employment as a phlebotomist and a medical lab technician. (Tr. at 51).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20

C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the claimant is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

ALJ Davenport followed this sequential evaluation to determine that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 21, 2009. (Tr. at 21). At step two, the ALJ determined that Plaintiff had the following conditions considered "severe" under the Code of Federal Regulations: "status post second total knee replacement of the right knee, and second post operative revision; degenerative joint disease of the left knee; obesity; non insulin dependent diabetes mellitus; and hypertension."[1] (Id.). However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 22). The ALJ found that Plaintiff had the residual functional capacity, through the date of his decision, to perform light exertional work, except for her unlimited ability to sit as well as the following limitations: able to stand or walk for no more than fifteen to thirty minutes at a time and no more than two hours total per day;

---

[1] ALJ Davenport also determined that Plaintiff had perforated diverticulitis, which he found to be a nonsevere impairment. (Tr. at 21).

must use a cane if walking over thirty feet; rarely to occasionally able to balance, climb ramps and stairs, and stoop; never able to climb ladders, ropes, or scaffolds or crawl, crouch, or kneel; occasionally able to work around heights or fast-moving machinery and use her feet to operate foot controls or drive. (Id.). The ALJ also found that, from time to time, Plaintiff may experience moderate pain. (Id.). At the next step, ALJ Davenport noted Plaintiff was unable to perform her past relevant work as a phlebotomist and a medical lab technician. (Tr. at 25). At the final step, the ALJ determined that given Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff had acquired skills from her past relevant work that are transferable to work as a general clerk, administrative clerk, and other clerical positions. (Tr. at 25–26).

## **ISSUES PRESENTED**

Plaintiff alleges errors pertaining to the following:

I.  the ALJ's finding that Plaintiff's impairments did not meet or medically equal a listed impairment;

II. the ALJ's finding that Plaintiff retained the residual functional capacity to perform light exertional work;

III. Defendant's burden of establishing that there is other work in the national economy that Plaintiff could perform with little, if any, vocational adjustment; and

IV. the ALJ's credibility finding.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the factual findings of the Commissioner are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence that a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla, but less than a preponderance, of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or the Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**The ALJ's Credibility Finding.**

Plaintiff contends that ALJ Davenport erred in discrediting Plaintiff's symptom testimony and in failing to address five lay affidavits attesting to her symptoms. (Doc.

20, pp. 23–26). Plaintiff avers that if the ALJ had accepted the statements of Plaintiff's symptoms, the VE's testimony would support a finding of disability. (Id. at pp. 25–26) (quoting the VE's assessment that a person with the symptoms to which Plaintiff testified would not be able to perform any type of work (Tr. at 56)).

Once the ALJ decides, as did ALJ Davenport (Tr. at 22), that the claimant has established an underlying medical impairment that could reasonably produce her symptoms, the ALJ must consider "all evidence about the intensity, persistence, and functionally limiting effects" of the claimant's symptoms to determine the symptoms' effect on the claimant's capacity to work. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (citing 20 C.F.R. § 404.1529). As 20 C.F.R. § 404.1529(c)(1) explains, such evidence includes not only objective medical evidence but also statements and reports from the claimant, medical sources, and others relating to the effect of the claimant's symptoms.

In a disability decision involving subjective symptom evidence, the ALJ's credibility determination is a "critical factor" in his decision. Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983). The ALJ "must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." Dyer, 395 F.3d at 1210 (internal quotation marks omitted). The ALJ also must state the weight he assigns to each item of impairment evidence and his reasons for accepting or rejecting that evidence. Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990). While the ALJ need not make explicit credibility findings, an implicit credibility determination must be clear and obvious to a reviewing court so as to amount to a specific credibility finding. Tieniber, 720 F.2d at 1255.

Here, ALJ Davenport discredited Plaintiff's symptom testimony, citing Plaintiff's statements as inconsistent with record evidence. (Tr. at 24–25). As the ALJ observed, Plaintiff testified that Dr. Brantley ordered Plaintiff to stay on bed rest, yet there was "nothing about doctor ordered bed rest from Dr. Brantley anywhere in the medical evidence of record." (Id.) Indeed, Dr. Brantley's medical report states only that Plaintiff would need to lie down three to four times in an eight-hour work day. (Tr. at 970). The Court finds that ALJ Davenport adequately explained the inconsistency between Plaintiff's statement and the record, and that such inconsistency provided substantial evidence upon which the ALJ could discredit Plaintiff's testimony. See 20 C.F.R. § 404.1529(c)(4) (stating that a proper evaluation of a claimant's symptom testimony involves considering the extent to which the claimant's statements are inconsistent with the rest of the evidence, including statements of treating sources).

Unlike Plaintiff's symptom testimony, ALJ Davenport made no mention of the five lay affidavits attesting to Plaintiff's symptoms and therefore failed to make the requisite credibility determination for these items of impairment evidence. The ALJ reports that he considered the entire record, including opinion evidence (Tr. at 22); however, this statement is not sufficiently clear to enable the Court to infer that the ALJ discredited the affidavits in reaching his disability decision. See Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (finding that the ALJ erred in stating generally that he considered all items of evidence and assigned weight to each, because "[w]hat is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision"); see also Tieniber, 720 F.2d at 1255 (stating that the court could not infer a credibility determination solely from the ALJ's ultimate disability decision,

because "such an implication is too subtle to measure up to the degree of precision required of adjudicative fact-finding").

Although Defendant distinguishes the pre-hearing affidavits in this case from the hearing testimony that is the subject of the foregoing Eleventh Circuit case law (Doc. 21, p. 14), the Court finds no support for limiting the Eleventh Circuit decisions to the specific type of evidence before the court in those cases. Rather, Eleventh Circuit guidance on credibility determinations appears to apply equally to all types of impairment evidence. See Foote, 67 F.3d at 1561 (noting that 20 C.F.R. § 404.1529 requires an ALJ to consider "all evidence" of the claimant's symptoms); Lucas, 918 F.2d at 1574 ("[T]he ALJ should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence."); Cowart, 662 F.2d at 735 (stating that an ALJ must explain the weight he gives to "obviously probative exhibits").

Because ALJ Davenport failed to make credibility findings as to the five lay affidavits attesting to Plaintiff's symptoms, the Court cannot discern whether he properly weighed all impairment evidence in reaching his decision on the ultimate issue of disability.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 8th day of September, 2014.

*/s/ James E. Graham*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE